Jose Agustin Maldonado SANCHEZ;
et al., Petitioners,

v.

Michael B. MUKASEY,* Attorney
General, Respondent.

Jose Agustin Maldonado Sanchez;
et al., Petitioners,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 05–72175, 05–73380.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 15, 2007.

George C. Harris, Esq., Morrison & Foerster, LLP, San Francisco, CA, Melissa A. Jones, Esq., Morrison & Foerster,

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

LLP, Julie Turner–Lloveras, Esq., Considine, Sorensen & Trujillo, Sacramento, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Jose Agustin Maldonado Sanchez and Maria De La Cruz Navarro, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") March 16, 2005 order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal and the BIA's May 9, 2005 order denying their motion to reopen removal proceedings. We dismiss the petitions for review in all respects, except that we deny the Petitioners' due process claims.

■ We lack jurisdiction to review the agency's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). We view Petitioners' contentions that the agency made unsupported factual findings and applied an improper legal standard in making its hardship determination as veiled attempts to circumvent the jurisdictional bar to our review of that determination. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) (holding that petitioner's

contention "that the IJ erred in finding that she did not [establish the requisite hardship was] nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction").

The evidence Petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

■ Based on the record, Petitioners' contention that the BIA violated their due process rights by disregarding the additional evidence submitted with their motion to reopen cannot "overcome the presumption that the BIA did review the record." *Fernandez,* 439 F.3d at 603. Petitioners' argument that the BIA violated due process by providing an inadequate explanation of its decision does not succeed because concerns "about our ability to review inadequately reasoned or cursory BIA decisions" do not apply where we have no jurisdiction to engage in such review. *Id.* at 604.

DISMISSED in part, DENIED in part.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.